UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:13-cr-00053-HDM-WGC |
| | ) | |
| vs. | ) | |
| | ) | MINUTES OF COURT |
| LESTER ROGER DECKER, | ) | |
| | ) | |
| Defendant. | ) | December 16, 2013 |

**PROCEEDINGS:** JURY TRIAL - DAY ONE

**PRESENT:**
<u>THE HONORABLE HOWARD D. McKIBBEN</u>, SENIOR U.S. DISTRICT JUDGE

**Deputy Clerk:** <u>Paris Rich</u>    **Reporter:** <u>Kathryn French</u>

**Counsel for Plaintiff:** <u>Daniel Schiess, AUSA and Michael Large, AUSA</u>

**Counsel for Defendant:** <u>John Neil Stephenson, Esq. and Karena Dunn, Esq.</u>

At 8:00 a.m., the Court convenes.

The Defendant (In Custody) is present with counsel. The Defendant remains dressed in custody clothing; however, Mr. Stephenson has delivered street attire to the U.S. Marshal's office, and the Defendant will be dressed in street attire when the jury enters the courtroom.

The Government is present with David Elkington, Special Agent, Federal Bureau of Investigation.

The Court addresses the outstanding motions in limine.

As to [62] Defendant's Motion in Limine #1 to Exclude his Entire Statement to Law Enforcement, **IT IS ORDERED, [62] Motion is GRANTED. The Court will preclude the use of the statement made by the Defendant in the Government's case in chief. IT IS SO ORDERED.**

The Court and counsel further confer regarding [22] Defendant's Motion in Limine to Exclude Evidence of Alleged Prior Bad Acts and [67] Defendant's Motion in Limine #3 to Exclude Untimely Medical Entries.

Ms. Dunn addresses a recent development relating to the nurse witness in this matter. Ms. Dunn further confirms the Defendant has subpoenaed the nurse witness. Mr. Schiess confirms the nurse witness is traveling today, she will be present for tomorrow's proceedings.

UNITED STATES OF AMERICA  3:13-cr-00053-HDM-WGC
vs.  December 16, 2013
LESTER ROGER DECKER  Page 2 of 4

---

The Court addresses [92] Defendant's Motion in Limine #4 to Exclude Law Enforcement Testimony about Native American Sterotypes.  Mr. Schiess presents statements as to the victim's anticipated testimony.  **IT IS ORDERED, the Court will allow testimony regarding a witness' personal procedure and/or experience, however, the Court will not allow testimony relating to stereotypes or generic culture or community on the reservation.**

Ms. Dunn addresses recent discovery (65 pages) received from the Government on the afternoon of Friday, December 13, 2013.  On behalf of the Defendant, Ms. Dunn, requests the 65 pages of information received from the Government on December 13, 2013 be excluded for use at trial.  Mr. Schiess presents responsive statements.  The Court and counsel further confer regarding the recently received discovery.

The Court directs the Government shall determine if WCSO Evidence Technician Berryman is available for appearance.

Ms. Dunn requests a continuance of the trial based upon the late discovery produced by the Government.  The Court and counsel further confer.

Mr. Schiess requests clarification from the Court.  The Court recites statements relating to chain of custody.  Mr. Schiess recites further statements regarding chain of custody and trial preparation.  Ms. Dunn presents statements.  The Court recites statements.

Mr. Schiess presents additional statements regarding pretrial preparation interview notes as provided to the Defendant's counsel this date. The Court directs the Defendant's counsel shall review the provided notes. Mr. Stephenson recites objection under 18, U.S.C. §3500.

At 8:54 a.m., the Court stands at recess.

At 9:11 a.m., the Court reconvenes with all parties present.  The Defendant (In Custody) is dressed in street attire.

The Court directs if counsel has not been able to resolve the chain of custody issue during the recess, the Court will select the jury this date and continue the Trial to Tuesday, December 17, 2013.

Mr. Schiess states the Defendant's counsel has requested items and documents relating to chain of custody that the Government is not in possession of and will need to obtain.

At 9:14 a.m., Mr. Stephenson addresses a past and separate attorney/client relationship with Cecelia Baldazo, a possible Government witness.  Ms. Dunn and Mr. Schiess present statements.  In the event the Government calls Ms. Baldazo as a witness, the Court and counsel determine that Ms. Dunn will examine Ms. Baldazo.  The Court canvasses the Defendant.  The Defendant confirms he has no objection to Ms. Dunn's examination of Ms. Baldazo.

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:13-cr-00053-HDM-WGC |
| vs. | December 16, 2013 |
| LESTER ROGER DECKER | Page 3 of 4 |

The Court confirms it will select the jury this date and proceed with swearing the jury and opening statements on the morning of Tuesday, December 17, 2013.  The Court advises the parties shall either determine an agreement for chain of custody or the Government will proceed with evidence on chain of custody.

Counsel stipulate to the random draw computer selection process of the jury this date.

At 9:25 a.m., 49 prospective jurors enter the courtroom.

The Court presents opening remarks and introduces counsel.  The Court further summarizes this action and the anticipated trial schedule.  The voir dire oath is administered and 32 prospective jurors are seated; voir dire proceeds.

The jury is passed for cause. Counsel exercise peremptory challenges.

Counsel stipulate to *Batson* challenge procedure.

11:03 a.m., Counsel stipulate to the 14 seated jurors.  The Court thanks and excuses the remaining jurors for a period of two years.

At 11:12 a.m., the jury is admonished and excused until Tuesday, December 17, 2013 at 8:45 a.m.

Outside the presence of the jury, Mr. Schiess states the Government has not received the Defendant's Exhibit List or List of Witnesses.  Ms. Dunn confirms those items will be provided to the Government this date.

Mr. Schiess invokes the rule of exclusion of witnesses from the courtroom.  **IT IS SO ORDERED.**

Mr. Schiess further states the parties have agreed to stipulate to the jurisdiction for Indian Country.  Mr. Stephenson confirms he will review regarding facts portion and meet with counsel.

Mr. Large inquires of the Court regarding the Defendant (In Custody) who is shackled this date and whether the Court prefers the parties to stand for the jury.  The Court confirms all parties shall remain seated for the jury.  The Court will so advise the jury on Tuesday, December 17, 2013.  Further, the Court confirms table draping is present this date on both the Government's and the Defendant's counsel tables.

**IT IS ORDERED, Jury Trial (Day Two) is set for Tuesday, December 17, 2013 at 8:30 a.m. in Reno Courtroom 4 before Judge Howard D. McKibben.  IT IS SO ORDERED.**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:13-cr-00053-HDM-WGC** |
| **vs.** | **December 16, 2013** |
| **LESTER ROGER DECKER** | **Page 4 of 4** |

---

The Defendant is remanded to custody.

At 11:16 a.m., the Court adjourns.

                                        LANCE S. WILSON, CLERK

                                        By: /s/ Paris Rich
                                               Deputy Clerk