**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-cr-00053-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| LESTER ROGER DECKER, | ) | |
| Defendant. | ) | |

Before the court is the defendant Lester Roger Decker's ("defendant") renewed motion for judgment of acquittal (#119). The government has responded (#120), and defendant has replied (#121).

The single-count indictment in this case charged the defendant with aggravated sexual abuse and attempted aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a), 1151, and 1153. After the government rested, but before the close of evidence, defendant moved for a judgment of acquittal on count one "to the extent that it charge[d] him with <u>Attempted</u> Aggravated Sexual Abuse. . . ."

1

(Doc. #104 (Def. Mot. Judgment of Acquittal at 2)) (emphasis original).  The court denied defendant's motion and instructed the jury on both aggravated sexual abuse and attempted aggravated sexual abuse.  The court provided the jury with separate verdict forms for each charge.

In his renewed motion, defendant argues that instructing the jury on attempted aggravated sexual abuse constructively amended the indictment because the indictment, he argues, did not sufficiently plead attempted aggravated sexual abuse.  Defendant also again argues that there was insufficient evidence at trial to sustain his conviction.  In his reply, defendant for the first time argues that even if the indictment was not constructively amended, it was improperly duplicitous and therefore must be dismissed.

Defendant's argument that the indictment was constructively amended is without merit.  As defendant concedes in his reply, the indictment was not required to allege a substantial step in connection with the attempt charge.  (Doc. #121 (Def. Reply 4)); *United States v. Resendiz-Ponce*, 549 U.S. 102, 106-11 (2007).  And in fact, where, as here, the defendant was charged with a completed crime, he still could have been convicted of an attempt to commit the completed crime even if the indictment had not charged him with attempt at all.  *See Resendiz-Ponce*, 549 U.S. at 110 n.7; Fed. R. Crim. P. 31(c) ("A defendant may be found guilty of any of the following . . . (2) an attempt to commit the offense charged."); *see also United States v. Iribe*, 564 F.3d 1155, 1161 (9th Cir. 2009).  Even were this not the case, the indictment here sufficiently alleged the facts and circumstances of attempted aggravated sexual abuse.  It alleged that on April 14, 2013,

2

defendant attempted to engage in a sexual act, by use of force, with the victim.  The facts and circumstances of the attempt charge are the same as those of the aggravated sexual abuse charge, with the only difference being whether defendant completed the sexual act.  Accordingly, the indictment was not constructively amended when the court instructed the jury on attempted aggravated sexual abuse.

Defendant's argument about the sufficiency of the evidence is likewise without merit.  Viewed in a light most favorable to the government, there was sufficient evidence at trial for the jury to conclude that the defendant was guilty of attempted aggravated sexual abuse.

The court finds defendant's argument of duplicity – though not raised in these proceedings until his reply – is also without merit.  Any defect of duplicity in the indictment was cured by the court giving the jury separate instructions for the attempted aggravated sexual abuse and the aggravated sexual abuse charges, as well as separate verdict forms for each.  *See United States v. Elk-Booth*, 481 Fed. App'x 326, 327 (9th Cir. 2012) (unpublished disposition); *see also United States v. Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) ("[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed.").

Finally, the court finds no merit in defendant's claim that he

suffered prejudice because of the way in which the indictment was drafted.  Defendant was on notice as early as the time the indictment was returned that the government was charging him with both aggravated sexual abuse and attempted aggravated sexual abuse. The indictment cited the statute, which criminalizes both aggravated sexual abuse and the attempt to do so, and specifically charged the defendant with attempt.  In addition, the government's submission of jury instructions on both charges five days before trial placed the defendant on notice of the attempt charge.

For all the foregoing reasons, the defendant's motion for judgment of acquittal (#119) is **DENIED**.

IT IS SO ORDERED.

DATED: This 12th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE