**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:13-cr-00053-HDM-WGC |
| | 3:17-cv-00006-HDM |
| Plaintiff, | |
| vs. | ORDER |
| LESTER ROGER DECKER, | |
| Defendant. | |

Defendant Lester Roger Decker ("Decker") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 163). The government has responded (ECF No. 167), and Decker has replied (ECF No. 173). On September 5, 2017, pursuant to court order, the government submitted the affidavits and declarations of Decker's prior attorneys Julie Cavanaugh-Bill, John Neil Stephenson, and Karena K. Dunn. (ECF No. 175). Decker has responded (ECF No. 177).

1

On April 15, 2013, a criminal complaint was filed alleging that Decker had violated 18 U.S.C. §§ 2241(a), 1151 and 1153 by using force to engage in a sexual act with an unwilling victim. (ECF No. 1). Decker made his initial appearance with retained counsel John Neil Stephenson the following day. (ECF No. 2). At the time, Stephenson was employed by Cavanaugh-Bill Law Offices with Julie Cavanaugh-Bill, who also appeared on Decker's behalf. (*See* ECF No. 7). On May 1, 2013, the grand jury returned an indictment charging Decker with engaging in and attempting to engage in aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a), 1151 and 1153. (ECF No. 13).

On June 7, 2013, the government offered Decker a plea agreement that would have allowed Decker to plead guilty to abusive sexual contact in violation of 18 U.S.C. § 2244(a). (ECF No. 175-1 (Cavanaugh-Bill Aff. Ex. A); ECF No. 175-2 (Stephenson Decl. ¶ 4 & Ex. 1)). Stephenson emailed the proposed agreement to Decker's wife, describing it as a "very, very good plea bargain deal" and thereafter met with Decker to discuss it. (ECF No. 175-2 (Stephenson Decl. ¶ 5)). Decker rejected the plea. (ECF No. 177).

In July 2013, Stephenson left Cavanaugh-Bill's law firm and was removed from the case. (ECF No. 30; ECF No. 175-2 (Stephenson Decl. ¶ 7)). A few days later, attorney Martin Wiener entered an appearance on Decker's behalf as co-counsel with Cavanaugh-Bill. (ECF No. 31). Sometime later, Cavanaugh-Bill and Wiener presented Decker with a plea offer substantially similar to the one he had already rejected. (ECF No. 177). In mid-August 2013, Decker decided to accept the offer, and a change of plea hearing was scheduled for September 25, 2013. (ECF No. 39; ECF No. 175-1

(Cavanaugh-Bill Aff. ¶ 6)). Shortly before the hearing, however, Decker decided he did not want to plead and told Cavanaugh-Bill and Wiener that he no longer wanted them representing him and that he would be retaining Stephenson as counsel. (ECF No. 175-1 (Cavanaugh-Bill Aff. ¶ 6)). Cavanaugh-Bill and Wiener filed motions to withdraw, which the court approved, and on September 19, 2013, Stephenson re-appeared on Decker's behalf. (ECF Nos. 43, 48, 51, 52 & 55). On September 25, 2013, Karena K. Dunn also entered an appearance on Decker's behalf. (ECF No. 57). Pursuant to defense counsel's request, trial was continued to December 16, 2013. (ECF Nos. 55 & 58).

On November 18, 2013, Decker filed a motion to suppress statements he made to agents William Coochyouma and David Elkington on April 16, 2013, allegedly in violation of *Miranda*. (ECF No. 62). Specifically, Decker admitted to striking and engaging in sexual contact with the victim. (ECF No. 123 (Tr. Evid. Hr'g 30-31); ECF No. 68-1). At an evidentiary hearing on November 26, 2013, Decker testified that before he made these admissions the agents had told him his statements would be "off the record." (ECF No. 123 (Tr. Evid. Hr'g 19)). Although the agents denied telling Decker his statements would be "off the record," Elkington admitted that after Decker invoked his right to an attorney, Elkington asked: "Before we go, do you have anything you want to talk about?" (*Id.* at 8; ECF No. 97 at 11, 17-18)). Decker's incriminatory statements then followed. Finding Elkington's question the functional equivalent of interrogation, the court granted Decker's motion and precluded the government's use of Decker's statements during its case in chief. (ECF No. 96). The court noted, however,

3

that it was not ruling as to whether the statements could come in for other purposes during trial. (ECF No. 151 (Trial Tr. 2-6)).

On December 11, 2013, the government submitted proposed jury instructions, which included separate instructions for aggravated sexual abuse and attempted aggravated sexual abuse. (ECF No. 88).

Trial commenced on December 16, 2013. On December 17, 2013, the court discussed with counsel, in Decker's presence, how to instruct the jury with respect to the attempt charge and what type of verdict forms to use. (ECF No. 152 (Trial Tr. 354-58)). The next morning, counsel advised the court that Decker did not wish to testify, and the court canvassed Decker about that decision. (ECF No. 153 (Trial Tr. 432-34)). Decker also filed a motion for judgment of acquittal on the attempt charge, arguing that the evidence was insufficient to support such a conviction. (*See* ECF No. 104). The court denied the motion before instructing the jury. (*See* ECF No. 105). On December 19, 2013, the jury found Decker guilty of attempted aggravated sexual abuse but not guilty of aggravated sexual abuse. (*See* ECF Nos. 114-17).

Following trial, counsel filed a second motion for acquittal on the attempt conviction, which the court denied. (ECF Nos. 119 & 122). In a motion for reconsideration of the court's order, counsel represented that they were not reasonably on notice of the attempt charge before trial. (*See* ECF No. 130 at 2-3). In fact, counsel asserted in the motion that it was not clear Decker "would be prosecuted on the attempt charge until the very end of trial." (*Id.* at 7).

Prior to sentencing, the government moved for a two-level enhancement for obstruction of justice, arguing that Decker lied at

the November 26, 2013, evidentiary hearing when, among other things, he testified that the agents told him his statements would be "off the record." (ECF No. 125). Defense counsel opposed the government's motion, arguing that the court had not found Decker had perjured himself. (ECF No. 126). At sentencing on March 19, 2014, the court found that Decker testified falsely when he said that the agents told him the conversation would be "off the record" and concluded the two-level obstruction enhancement should therefore apply. (ECF No. 150 (Sent. Tr. 27-32)). The court accordingly sentenced Decker to a period of 190 months. Judgment of conviction was entered on March 21, 2014. (ECF No. 144).

Decker appealed the conviction, and the Ninth Circuit affirmed. (ECF Nos. 146 & 157). Decker then filed a petition for writ of certiorari, which the Supreme Court denied on January 11, 2016. (ECF Nos. 161 & 162). On January 3, 2017, Decker filed the instant verified petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 163 & 164).

Pursuant to § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255. Decker advances six grounds for relief in his petition, all of which allege ineffective assistance of counsel.

Ineffective assistance of counsel is a cognizable claim under § 2255. *Baumann v. United States*, 692 F.2d 565, 581 (9th Cir. 1982). In order to prevail on a such a claim, the defendant must

5

meet a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Second, the defendant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**I. Ground One**

In his first ground for relief, Decker asserts that Cavanaugh-Bill had represented one of the government's trial witnesses – Cecilia Baldazo – in an unrelated case. Decker asserts that this conflict prevented Cavanaugh-Bill and Stephenson from vigorously defending Decker by pursuing evidence to impeach Baldazo and prevented Stephenson from effectively representing Decker at trial because Stephenson could not cross-examine Baldazo.

"Effective assistance of counsel 'includes a right to conflict-free counsel.'" *United States v. Baker*, 256 F.3d 855, 859-60 (9th Cir. 2001), *amended* 2001 WL 474147 (9th Cir. 2001). "To establish a Sixth Amendment violation of defendant's right to the effective assistance of counsel based on an attorney's conflict of interest, 'a defendant must show: (1) his attorney actively

represented conflicting interests, and (2) an actual conflict of interest affected his attorney's performance.'" *Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir. 1994). A defendant may waive this right. *Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978).

First, Decker identifies no impeachment evidence that should have been uncovered beyond the fact that Baldazo had been fired from previous employment for untruthfulness. The record is clear that this information was known to Decker's attorneys before Baldazo was called to the stand. (ECF No. 151 (Trial Tr. 51)). More importantly, however, Decker has not demonstrated that there was a need to impeach Baldazo. The government did not call Baldazo – defense counsel did. (*See* ECF No. 153 (Trial Tr. 472-77)). And substantively, the only information defense counsel elicited from Baldazo was information that counsel wanted before the jury to cast doubt on the victim's testimony. (*See* ECF No. 154 (Trial Tr. 631)). Decker therefore has not established and cannot establish prejudice.

Second, the conflict was disclosed to the court in Decker's presence at trial, and the parties explained that to cure the conflict, co-counsel Dunn would cross-examine Baldazo. (ECF No. 151 (Trial Tr. 49-54)). After the court and the parties discussed the issue, Decker indicated that he was aware of the conflict and the proposed procedure for handling it and that he had no objection. (*Id.* at 54). Decker therefore knowingly and voluntarily waived his right to conflict-free counsel. Even if Decker was not advised of the conflict in advance, as he claims (*see* ECF No. 177), and even if that renders his waiver involuntary or unknowing, Decker's claim is still without merit. Decker has not

established any prejudice from the alleged conflict. Accordingly, Decker is not entitled to relief on ground one of his motion.

**II. Ground Two**

In his second ground for relief, Decker asserts that Cavanaugh-Bill and Wiener were ineffective because they did not tell him he could have entered an *Alford* plea, which would have allowed him to plead guilty while maintaining his innocence. Decker asserts that he would have entered an *Alford* plea instead of going to trial.

Cavanaugh-Bill believes that during negotiations she asked the government about the availability of an *Alford* or "no-contest" plea and was told that the U.S. Attorney's Office in this district does not accept such pleas. (ECF No. 175-1 (Cavanaugh-Bill Aff. ¶ 5)). The government and Stephenson corroborate that the U.S. Attorney's in this district rarely, if ever, allows *Alford* pleas. Decker has offered no evidence to contradict these representations and no evidence to rebut the government's assertion that it would not have allowed Decker to enter an *Alford* plea in this case. Although Decker argues that had counsel approached the government requesting an *Alford* plea or discussed *Alford* pleas with Decker, "counsel may have been able to get the government to agree to accept a plea in which Decker did not have to admit his guilt," there is no evidence or reasonable probability that discussions about an *Alford* plea would have changed the results of negotiations in this case. Because *Alford* pleas are so rarely allowed by the government in this district it did not fall below the reasonable standard of representation for counsel to fail to discuss this option with Decker. Likewise, because such pleas are rarely allowed and would

8

not have been allowed in this case, Decker cannot show prejudice. Accordingly, Decker is not entitled to relief on ground two of his motion.

**III. Ground Three**

In his third ground for relief, Decker asserts that Stephenson was ineffective because he expressed a desire to take the case to trial and never discussed the perils of doing so with Decker.[1] Stephenson avers that when the government offered Decker the plea deal, Stephenson conveyed the deal to Decker, through his wife, and described it as a "very, very good plea bargain deal." (ECF No. 175-2 (Stephenson Decl. 2)). Stephenson further states that when Decker re-retained him in September 2013, Decker was "adamant that he would not take the aforesaid plea offer under any circumstances."[2] (*Id.* at 3). Stephenson further states that he "spoke, in person, with Mr. Decker for countless hours about the nature of the charges against him, and the potential risks/rewards of going to trial." (*Id.*) Decker knew all of this when he decided to reject the plea offer and asked Stephenson to take him to trial. (*Id.*)

Even in his response to his former attorneys' affidavits,

---

[1] Decker also argues Stephenson was ineffective for failing to advise him that he could enter an *Alford* plea. For the reasons discussed *supra* § II, Decker has not established ineffective assistance of counsel on these grounds.

[2] Stephenson also states that Decker said that if "he pled to a felony sex offense, he would lose his high-paying job with a prestigious mining company, would not be eligible for meaningful employment in the future, and his wife would leave him. Such a result was unacceptable in Mr. Decker's mind and tantamount to a life sentence." (*Id.* at 3). However, Decker denies telling Stephenson any of this. The court need not and therefore does not rely on these disputed statements in addressing Decker's third ground for relief.

9

Decker does not deny that Stephenson discussed the perils of trial with him and that it was Decker, not Stephenson, who was insistent that the case proceed to trial. Accordingly, Decker has not shown that Stephenson's performance was deficient in this respect or that Decker pleaded guilty due to Stephenson's alleged deficient advice. Decker is therefore not entitled to relief on his third ground.

**IV. Ground Four**

In his fourth ground for relief, Decker asserts that Stephenson and Dunn did not tell him he could be found guilty of attempted aggravated sexual abuse and so he believed he could be found guilty only of aggravated sexual abuse. Decker chose not to testify at trial but asserts that if he had known he could be found guilty of attempted aggravated sexual abuse, he would have testified. Decker posits that if he had done so, there is a reasonable probability that the outcome of the proceedings would have been different.

For two reasons, Decker cannot show prejudice. First, even assuming counsel did not discuss the possibility of an attempt conviction until the "eve of trial" (ECF No. 177), Decker knew it was a possibility before he made his decision not to testify. (*See* ECF No. 152 (Trial Tr. 354-58); ECF No. 153 (Trial Tr. 432-34)). Decker's assertion that he would have testified had he known he could be convicted of attempt is therefore not credible. Second, even if Decker had testified, there is no reasonable probability that the outcome of the proceedings would have been any different. Decker had told agents Elkington and Coochyouma that he struck the victim and engaged in sexual contact with her. (ECF No. 123 (Tr. Evid. Hr'g 30-31); ECF No. 68-1). These statements – which had

10

been suppressed for the government's case-in-chief would likely have been admitted had Decker testified. Therefore, the jury would have heard Decker's admission that he had sexual contact with the victim. Decker has failed to show that he is entitled to relief on ground four of his motion.

**V.   Ground Five**

In his fifth ground for relief, Decker asserts Stephenson and Dunn were ineffective for failing to take "any steps to correct the record as to the true meaning of" the statements he made at his suppression hearing which the court found to be false and failing to "establish that Mr. Decker did not testify falsely." (ECF No. 163 (Mot. 7)). Decker asserts that if counsel had taken steps to correct the record, he would not have received the two-level enhancement for obstruction of justice.

Decker's counsel did object to the enhancement at sentencing. Decker does not explain what the "true meaning" of his statements was or how any other steps by counsel would have changed the court's conclusion that Decker had testified falsely on the stand. Moreover, Decker concedes in his reply that he cannot show prejudice on this count and therefore is not entitled to relief.

Decker has failed to establish that his counsel's performance in this regard fell below a reasonable standard of representation and has not shown any prejudice. Accordingly, Decker is not entitled to relief on ground five of his motion.

**VI.   Ground Six**

In his sixth ground for relief, Decker asserts that his appellate counsel was ineffective for failing to argue that trial should have been continued when, three days prior to trial, the

government provided new discovery to defense counsel.

Decker cannot show prejudice. The newly produced evidence was related primarily to the chain of custody of some evidence in the case. (*See* ECF No. 175-2 (Stephenson Decl. ¶ 16)). The court granted the parties a brief continuance before opening arguments so counsel could review the new evidence. (*Id.*) Decker has not shown that this time was insufficient or that counsel's attention to the issue detracted from their preparation of his case in other respects. In fact, Stephenson states that he does not believe Decker suffered any prejudice as a result of the discovery issue. (*Id.*) Moreover, the court's decision to grant or deny a continuance is reviewed under an abuse of discretion standard. *United States v. Garrett*, 179 F.3d 1143, 1144-45 (9th Cir. 1999). It is therefore extremely unlikely this argument would have prevailed on appeal. Appellate counsel's failure to raise this argument therefore did not amount to ineffective assistance. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). Accordingly, Decker is not entitled to relief on ground six of his motion.

**Evidentiary Hearing**

The court finds that "the motion and the files and records of the case conclusively show that [Decker] is entitled to no relief." *See* U.S.C. § 2255(b). The court therefore denies Decker's request for an evidentiary hearing.

**Certificate of Appealability**

In order to proceed with an appeal, Decker must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

(9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a defendant must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the defendant has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* The court has considered the issues raised by Decker with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meets that standard. The court therefore denies Decker a certificate of appealability.

**Conclusion**

Accordingly, Decker's motion for relief under 28 U.S.C. § 2255 (ECF No. 163) is hereby DENIED. The court further denies a certificate of appealability.

IT IS SO ORDERED.

DATED: This 26th day of October, 2017.

*[signature: Howard D. McKibben]*
UNITED STATES DISTRICT JUDGE

13